**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **ALAN BLECHER**, an individual, | **DEFENDANT KELLY LINK'S MOTION TO DISMISS PLAINTIFF ALAN BLECHER'S FIRST AMENDED COMPLAINT** |
| **Plaintiff,** | |
| vs. | Case No. 4:26-cv-00047 |
| **NEMO ARMS, INC.**, a Montana Corporation**; KELLY LINK**, individually**; JEFF SIPE**, individually; and **WILLIAM "BILL" KING**, individually, | Honorable Nicholas J Ganjei United States District Judge |
| **Defendant.** | Honorable Yvonne Y Ho United States Magistrate Judge |

<u>**DEFENDANT KELLY LINK'S MOTION TO DISMISS PLAINTIFF ALAN BLECHER'S FIRST AMENDED COMPLAINT**</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Kelly Link ("Link" or "Defendant") respectfully submits Defendant Kelly Link's Motion to Dismiss Plaintiff Alan Blecher's First Amended Complaint ("Motion") in its entirety as set forth in detail herein. Link hereby joins in and incorporates by reference the statement of facts and legal arguments set forth in Defendants' Motion to Dismiss Plaintiff Alan Blecher's First Amended Complaint (ECF No. 28) and Defendants' Reply (ECF No. 31), as if fully set forth herein.

In addition, Link respectfully submits the following supplemental arguments in further support of dismissal for lack of personal jurisdiction and striking immaterial matter under Rule 12(f). The Amended Complaint alleges no conduct unique to Link and relies on identical legal theories against the other individual defendants, Jeff Sipe ("Sipe") and William "Bill" King

1

("King"). Accordingly, the deficiencies identified in Defendants' Motion to Dismiss Plaintiff Alan Blecher's First Amended Complaint apply with equal force here.

## INTRODUCTION

Plaintiff initiated this action on January 5, 2026, asserting Lanham Act and related state-law claims arising from Defendants' use of the term "MONGOOSE" in connection with firearms. After Defendants moved to dismiss, Plaintiff filed a 136-page First Amended Complaint adding three individual defendants and asserting additional theories, including trade dress infringement, declaratory relief, civil conspiracy and a claim under the Texas Uniform Trade Secrets Act ("TUTSA").

Notwithstanding its length, the Amended Complaint fails to satisfy the pleading standards required by Federal Rule of Civil Procedure 8 and the plausibility framework articulated in *Twombly* and *Iqbal*. Allegations concerning alleged surveillance, regulatory entrapment, and third-party communications are not material to the legal elements of trademark infringement, trade dress infringement, or trade secret misappropriation. The Federal Rules require plausible factual allegations supporting each element of each claim.

This Motion presents at least two threshold defects. First, the claims against the individual defendants, including Link, must be dismissed under Rule 12(b)(2). The Amended Complaint does not allege that Link is domiciled in Texas, traveled to Texas, or personally directed conduct toward Texas in his individual capacity. Instead, Plaintiff attributes corporate-level decision making to them collectively and infers coordination from communications allegedly made by unaffiliated third parties. The pleading does not allege facts showing that Link authorized, directed, or controlled those communications or otherwise purposefully availed himself of the forum. Under controlling Fifth Circuit precedent, such allegations are insufficient to establish specific personal jurisdiction.

2

Second, the Amended Complaint fails to plausibly allege enforceable trademark rights. Although Plaintiff alleges that he conceived of and developed products under the name "MONGOOSE" beginning in 2012, he sues solely in his individual capacity and does not allege ownership of a registered mark or a valid assignment of rights from any corporate entity through which the alleged activities occurred. More fundamentally, the Complaint does not provide specific factual allegations demonstrating bona fide public use of the mark in the ordinary course of trade sufficient to establish priority under the Lanham Act. Preparatory development activity, prototyping, and internal commercial efforts do not establish requisite marketplace source identification in commerce.

Because Plaintiff does not plausibly allege ownership and priority, his federal trademark claim fails. The trade dress claim likewise fails because the alleged design is not defined with sufficient precision and is not plausibly alleged to be non-functional or to have acquired secondary meaning. The Complaint also does not plausibly allege a likelihood of confusion, including under a reverse-confusion theory.

The remaining claims are derivative. The Texas unfair competition and declaratory judgment claims rise or fall with the federal trademark claim. The TUTSA claim does not plausibly allege the existence of a specifically identified trade secret or its acquisition, use, or disclosure by Defendants. And the conspiracy and officer-liability claims fail in the absence of a viable underlying tort.

For these reasons, the First Amended Complaint should be dismissed under Rules 12(b)(2) and 12(b)(6).

**STATEMENT OF ADDITIONAL FACTS**

Link adopts the Statement of Relevant Facts contained in Defendants' Motion to Dismiss Plaintiff Alan Blecher's First Amended Complaint. *See* ECF No. 28, pgs. 3-6. Link further adds the following statement of additional facts regarding his role at Nemo Arms:

1. Link assumed the role of Chief Executive Officer of NEMO Arms, Inc. following the departure King in or around November 2025. ECF Dkt. No. 23 ("Amended Complaint") ¶ 18, 20.

2. Link was not the Chief Executive Officer of NEMO Arms, Inc. when the company began using the "MONGOOSE" mark in connection with firearms. *Id.* ¶ 20.

3. The Amended Complaint does not allege that Link is domiciled in Texas, traveled to Texas, or personally communicated with Plaintiff in Texas in his individual capacity. *Id.* ¶¶ 17–22, 108–117.

4. The Amended Complaint does not allege specific facts that Link retained, instructed, compensated, communicated with, or exercised control over any of the alleged agents A-H. *Id.* ¶¶ 17–22, 107–108, 155–156.

5. With respect to Link, the Amended Complaint alleges only that Link "authorized," "ratified," or "oversaw" corporate actions by NEMO Arms, Inc. *Id.* ¶¶ 17–22, 107–108.

6. The Amended Complaint does not identify specific acts by Link personally constituting trademark infringement, trade secret misappropriation, or any other tort. *Id.* ¶¶ 17–22, 115–117.

## ARGUMENT

I.    **PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICION OVER LINK.**[1]

Plaintiff's conclusory allegations are insufficient to satisfy the individualized minimum-contacts requirement imposed by the Supreme Court and the Fifth Circuit for personal jurisdiction. Specific personal jurisdiction requires that Link purposefully directed suit-related conduct in Texas, and that the claims arise from those forum alleged contacts. Plaintiff does not even allege that Link traveled to Texas, entered into Texas contracts, or personally directed fraudulent communications into the state.

In *Seiferth*, the Fifth Circuit gave the following three-step analysis when considering specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

Here, Plaintiff does not allege that any individual defendant traveled to Texas, entered into contracts in Texas, personally communicated false statements into Texas, or otherwise engaged in forum-specific conduct distinct from ordinary corporate decision-making. Instead, the FAC relies on generalized assertions that individuals "authorized" conduct or "managed" strategy. (Dkt. 29 at 2–3).

Plaintiff also invokes the *Calder* "effects test," arguing that Defendants directed intentional torts into Texas. (Dkt. 29 at 6–7). But the Supreme Court has clarified that the proper focus is on the defendant's contacts with the forum state itself, not merely with a plaintiff who resides there.

---

[1] Link incorporates by reference Defendants Nemo Arms, Inc., Jeff Sipe, and William King's motion to dismiss (ECF 28) and their reply in support of their motion to dismiss (ECF 31) relating to the lack of personal jurisdiction over Jeff Sipe and William King as equally applicable to Defendant Link.

*Walden*, 571 U.S. at 285. The Fifth Circuit has "[e]mphasized that the effects test is but one facet of the ordinary minimum contacts analysis, to be considered as part of the full range of the defendant's contacts with the forum." *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002) (internal quotation marks omitted).

Plaintiff alleges that third parties contacted him and that those communications were "aimed" at Texas. (Dkt. 29 at 6–7). However, he does not plausibly allege that any individual defendant personally directed those communications into Texas or specifically targeted Texas as a forum. As *Walden* instructs, "[t]he plaintiff cannot be the only link between the defendant and the forum." 571 U.S. at 285.

Because Plaintiff fails to allege individualized, forum-directed conduct, the Court lacks personal jurisdiction over Link.

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FEDERAL TRADE DRESS INFRINGEMENT, TEXAS COMMON-LAW UNFAIR COMPETITION, TRADE SECRET MISAPPROPRIATION, CIVIL CONSPIRACY, OR DIRECTOR PERSONAL LIABILITY.

Plaintiff asserts all of the following claims in the First Amended Complaint: Federal Trademark Infringement, Unfair Competition, and False Designation of Origin (Count I); Federal Trade Dress Infringement (Count II); Texas Common-Law Unfair Competition (Count III); Misappropriation of Trade Secrets under the Texas Uniform Trade Secrets Act (Count V); Civil Conspiracy under Texas common law (Count VI); and Director Personal Liability (Count VII). For all of the reasons set forth in Defendants Nemo Arms, Inc., Jeff Sipe, and William King's motion to dismiss (ECF 28) and their reply in support of their motion to dismiss (ECF 31)—which have been incorporated herein by reference—Plaintiff has failed to state a claim for any of the above-referenced claims.

### III.    PLAINTIFF'S DECLARATORY JUDGMENT CLAIM FAILS.

Rule 12(f) permits courts to strike immaterial matter where the allegations have no possible relation to the controversy and may cause prejudice. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). The Amended Complaint's extensive allegations of espionage networks and coordinated surveillance exceed what is necessary to plead trademark infringement and trade secret misappropriation.

Plaintiff seeks a declaratory judgment of priority and noninfringement under 28 U.S.C. § 2201 and 15 U.S.C. § 1119. The Declaratory Judgment Act, however, does not create substantive rights; it provides a procedural mechanism for resolving an actual case or controversy otherwise within the Court's jurisdiction. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007).

Plaintiff's request for declaratory relief is entirely derivative of his substantive trademark and trade dress claims. The declaration he seeks—that he owns the MONGOOSE mark and that Defendant infringed it—depends on the same elements of ownership, priority, protectability, and likelihood of confusion, which are addressed at length in Defendants Nemo Arms, Inc., Jeff Sipe, and William King's motion to dismiss (ECF 28) and their reply in support of their motion to dismiss (ECF 31)—both of which have been incorporated herein by reference.

Because the Amended Complaint does not plausibly allege ownership, priority, or infringement, there is no substantive basis for declaratory relief. *See MedImmune*, 549 U.S. at 126–27 (Declaratory Judgment Act does not expand jurisdiction or create independent causes of action).

To the extent Plaintiff seeks relief under 15 U.S.C. § 1119, that provision authorizes courts to determine the right to registration in an existing action; it does not create independent trademark rights or cure deficiencies in pleading ownership. Accordingly, Count IV should be dismissed.

**IV.     THE COURT SHOULD STRIKE IMMATERIAL MATTER IN THE AMENDED COMPLAINT UNDER RULE 12(F).**

Rule 12(f) permits courts to strike immaterial matter where the allegations have no possible relation to the controversy and may cause prejudice. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). The Amended Complaint's extensive allegations of espionage networks and coordinated surveillance exceed what is necessary to plead trademark infringement and trade secret misappropriation.

Narrowing the pleading would streamline the litigation and reduce prejudice to Link and the individual Defendants in their capacity as officers of NEMO Arms, Inc. Accordingly, Link moves to strike Amended Complaint ¶¶ 109–117, 118–135, 138–160, 165, 187–194, 210–215, 223–228, 257–260, 341, 344, 348, 351, and 354–363, as well as related references to an alleged "Shadow Nexus," espionage network, coordinated surveillance campaign, and "confession by privilege," because those allegations are immaterial to the elements of Plaintiff's trademark and trade-secret claims and serve only to inflame and prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and dismiss the First Amended Complaint. Specifically, Defendants request that:

1.  All claims against Kelley Link be dismissed under Rule 12(b)(2) for lack of personal jurisdiction;

2.  Plaintiff's Lanham Act claims (Counts I and II) be dismissed under Rule 12(b)(6) for failure to plausibly allege ownership, priority, protectability, and likelihood of confusion;

3.  Plaintiff's Texas common law unfair competition claim (Count III) be dismissed because it falls with Plaintiff's untenable federal trademark claims;

8

4. Plaintiff's TUTSA claim (Count V), civil conspiracy claim (Count VI), and "Director Personal Liability" claim (Count VII) be dismissed under Rule 12(b)(6) for failure to state a claim; and

5. Plaintiff's declaratory judgment claim (Count IV) be dismissed as derivative of the failed substantive claims.

Defendant Link further requests that the Court strike, pursuant to Rule 12(f), immaterial or prejudicial allegations that are not relevant to the elements of Plaintiff's claims, as outlined above. Defendant Link further requests such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

*/s/ Charles W. Goehringer, Jr.*
Charles W. Goehringer, Jr. (26858)
Texas Bar No. 00793817
cwgoehringer@germer.com
Kelli B. Smith (3952914)
Texas Bar. No. 24008053
ksmith@germer.com
Post Office Box 4915
Beaumont, Texas 77704
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile

Larry R. Laycock (*admitted pro hac vice*)
lrlaycock@kmclaw.com
Jacob Green (*pro hac vice forthcoming*)
jgreen@kmclaw.com
Landon Laycock (*admitted pro hac vice*)
llaycock@kmclaw.com

**KIRTON MCCONKIE**
2600 W. Executive Parkway Ste 400
Lehi, UT 84043
(801) 426-2100 – Telephone
*Attorneys for Defendant Kelly Link*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I caused a true and correct copy of the foregoing document **DEFENDANT KELLY LINK'S MOTION TO DISMISS ALAN BLECHER'S FIRST AMENDED COMPLAINT** to be served via the court's electronic filing system to the following:

Alan P. Blecher, Esq.
*Pro Se Plaintiff.*

/s/ Charles W. Goehringer, Jr.
Charles W. Goehringer, Jr.