United States District Court
Southern District of Texas
**ENTERED**
September 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Alan Paul Blecher, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-47 |
| | § | |
| NEMO Arms, Inc, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is Magistrate Judge Yvonne Y. Ho's Report and Recommendation. Doc. 56. For the reasons set forth below, the Court ADOPTS the report.

## I. PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, alleges, *inter alia*, that Defendants infringed on his trademark. *See generally* Doc. 1. The case was referred to Magistrate Judge Ho, who issued a Report recommending that (1) Defendant NEMO's first Motion to Dismiss, Doc. 21, be denied as moot, (2) Defendants' request to dismiss Plaintiff's trademark infringement, trade dress infringement, and unfair competition claims be denied as moot, (3) all claims against Defendants King, Link, and Sipe be dismissed without prejudice for lack of personal jurisdiction, (4) Plaintiff's trade secret and civil conspiracy claims against NEMO should be dismissed with prejudice for failure to state a claim, and (5) other pending motions to strike, appear remotely, and for injunctive relief be denied without prejudice. Doc. 56 at 30. Defendant timely objected to the report. Doc. 58.

## II. LEGAL STANDARD

The court reviews the objected-to portions of a magistrate judge's Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to *de novo* review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 amendment.

## III. ANALYSIS

In his first objection, Plaintiff argues that he adequately pleaded that Defendant NEMO acquired his trade secrets and that Magistrate Judge Ho failed to give due weight to Plaintiff's factual contentions. Doc. 58 at 10–20. Plaintiff asserts that secret agents—including an attorney, people with whom Plaintiff had a preexisting professional relationship, and others described as "Agents A through H"—working for Defendant NEMO attempted to acquire Plaintiff's trade secrets by talking with him. *Id.* at 15–20. But Magistrate Judge Ho addressed these allegations in the Report, and Plaintiff provides no persuasive reason to depart from that analysis. Doc. 56 at 23–26.

Second, Plaintiff argues that the trade secret and civil conspiracy claims should be dismissed without prejudice because they are curable by amendment. Doc. 58 at 22. However, in their Motions to Dismiss, Defendants identified the deficiencies in the "numerous iterations of [Plaintiff's complaint]." *See* Doc. 56 at 25. Plaintiff nonetheless failed to provide any factual basis for maintaining the conspiracy or trade secret claims. *Id.* The Court therefore agrees with Magistrate Judge Ho that Plaintiff has pleaded his best case and that the claims should be dismissed with prejudice. *Id.* at 30; *see Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (holding that "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his best case").

Finally, Plaintiff argues that this Court has personal jurisdiction over Defendants King, Sipe, and Link. Doc. 58 at 25. The Report accurately describes the law of personal jurisdiction. *See* Doc. 56 at 7–22. Plaintiff renews his objection that there is an agency relationship between the Defendants and various people with whom he has interacted in the state of Texas, thus creating personal jurisdiction. Doc. 58 at 25. As this Court has already found that there is no plausible allegation of such a relationship, this cannot be a basis for personal jurisdiction. Plaintiff also argues that Defendants committed acts in other states that had effects on him in Texas, creating the "minimum contacts" required for specific personal jurisdiction. *Id.* However, as Magistrate Judge Ho points out, the U.S. Supreme Court has directly rejected arguments of this kind in *Walden v. Fiore*, 571 U.S. 277 (2014). Doc. 56 at 21. This Court does not have personal jurisdiction over the individual Defendants.

## IV. CONCLUSION

Having reviewed the Report *de novo* and being satisfied that there is no error, the Court accepts its findings and recommendations. Plaintiff's claims against Defendants King, Link, and Sipe are DISMISSED WITHOUT PREJUDICE and his trade-secret and civil-conspiracy claims against Defendant NEMO are DISMISSED WITH PREJUDICE. Any pending motions not ruled on herein are DENIED AS MOOT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 16th of September, 2026.

Nicholas J. Ganjei
United States District Judge